IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYLER D. CRIPE, )
 )
        **Plaintiff,** )
 )
vs. ) Case No. 17-cv-01118-JPG
 )
UNKNOWN PARTY, )
 )
        **Defendant.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tyler Cripe, a detainee at Fayette County Jail, filed a civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail. *See Cripe v. Glidden*, No. 17-cv-00745-JPG-SCW (S.D. Ill.) ("original action"). He brought several unrelated claims against different groups of defendants in his original action. (Doc. 2). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), this Court severed the claims into two additional cases on October 19, 2017. (Doc. 1) ("Severance Order").

The instant case addresses a single claim against an Unknown Party for failing to provide Plaintiff with an initial health assessment at the Jail or prescription medication for his mental illness and asthma ("Count 2," original action). (Doc. 1, p. 5). This case is now before the Court for a preliminary review of Count 2 pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

In the Complaint, Plaintiff claims that he was denied adequate medical care at the Jail. (Doc. 2). At booking, he informed an Unknown Party that he suffered from asthma and a mental illness. (Doc. 2, p. 5). Plaintiff was told that he would be seen by a doctor within two weeks. *Id*. He subsequently asked to see a physician "several times" but never met with one. *Id*.

As a result, Plaintiff was denied an albuterol inhaler for management of his asthma. (Doc. 1, p. 5). Plaintiff has trouble breathing in the morning. *Id.* He also cannot exercise without his albuterol. *Id*.

In addition, Plaintiff was taken off of prescription medication for post-traumatic stress disorder ("PTSD"). (Doc. 2, p. 5). He was given a different medication that is ineffective. *Id*. He was never even told what the new medication is intended to treat. *Id*.

Plaintiff now seeks monetary damages and a correction of "procedures" at the Jail "so no other detainee has to go through this." (Doc. 2, p. 6).

**Discussion**

In the Severance Order, the Court characterized the claim at issue in this case as follows:

**Count 2 –** Deliberate indifference to medical needs claim against Unknown Party for failing to provide Plaintiff with an initial health assessment and failing to provide Plaintiff with prescribed medication for mental illness and asthma (albuterol inhaler).

(Doc. 1, p. 5). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Count 2 shall be dismissed for failure to state a claim upon which relief may be granted. The primary problem with the claim is that Plaintiff did not name a defendant in connection with it. In order to state a claim under § 1983, a plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. 42 U.S.C. § 1983. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 on a theory of *respondeat superior*, based on a subordinate's unconstitutional conduct. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

In other words, Plaintiff must identify who was responsible for the denial of medical care and briefly describe what each defendant did, or failed to do, to treat him.[1] Plaintiffs are required to associate specific defendants with specific claims, so that each defendant is put on notice of the claim(s) brought against him or her and so the defendant can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included the

---

[1] Plaintiff is not required to name the defendant(s) who are responsible for denying him medical care with particularly at this early stage. If he does not know the name(s), Plaintiff may simply refer to each defendant in generic terms (*e.g.*, "Jane/John Doe") in the case caption and in his statement of claim. The Court will then assist him in identifying these individuals through discovery.

name of a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *Id*. Plaintiff mentioned no one in connection with his medical claim.

In the Severance Order, the Court listed "Unknown Party" in reference to Count 2. (Doc. 1, p. 6). Perhaps Plaintiff intended to bring this claim against Doctor Fatoki, Doctor Elyea, and Megan Trone. However, absent any allegations against these individuals in the statement of his claim, the Court is unable to discern Plaintiff's intentions. The allegations fall short of stating a viable medical claim against any named defendant.

Count 2 shall therefore be dismissed. However, this dismissal shall be without prejudice, and Plaintiff will be granted leave to amend the complaint and name particular individuals as defendants in the caption of his complaint and throughout the statement of his claim. He must comply with the deadline and instructions for doing so in the below disposition, or this action will be dismissed. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT** (Doc. 1), including **COUNT 2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **UNKNOWN PARTY** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, identifying the defendant(s) who allegedly denied him medical care at the Jail and any facts which may exist to support his claim against each defendant. The First Amended Complaint must be filed on or before (December 7, 2017). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent

with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 17-cv-1118-JPG). The pleading shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint, and his claim(s) must pertain to the denial of medical care at the Jail. Claims that are unrelated to Count 2 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review

of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: November 9, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**