IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER D. CRIPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-01118-JPG |
| ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tyler Cripe filed a civil rights action in this District pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Fayette County Jail. *See Cripe v. Glidden*, No. 17-cv-00745-JPG-SCW (S.D. Ill.) ("original action"). On October 19, 2017, this Court severed the claims into two additional cases pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Doc. 1). The instant case focuses on a single claim against a Jail official, who allegedly failed to provide Plaintiff with an initial health assessment or prescription medication for his mental illness and asthma ("Count 2," original action). (Doc. 1, p. 5).

Count 2 did not survive preliminary review under 28 U.S.C. § 1915A. (Doc. 7). This Court dismissed Count 2 for failure to state a claim upon which relief may be granted in an Order dated November 9, 2017. *Id*. The dismissal was without prejudice, and Plaintiff was granted leave to file a First Amended Complaint on or before December 7, 2017. (Doc. 7, p. 4). He was warned that the action would be dismissed with prejudice, if he failed to file the amended complaint by that deadline. (Doc. 7, p. 5) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would receive a "strike" pursuant to 28 U.S.C. § 1915(g). (Doc. 7, p. 5).

1

In addition, Plaintiff was advised of his continuing obligation to update his address with the Court, and he was warned that failure to do so constituted independent grounds for dismissal of this suit:

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. P. 41(b).

(Doc. 7, p. 6) (emphasis added).

On December 4, 2017, Document 7 was returned to the Court because it was "not deliverable." (Doc. 8). The envelope indicated that Plaintiff was released. (Doc. 8, p. 1). Plaintiff missed the deadline for filing the First Amended Complaint on December 7, 2017. At least a week has passed since the deadline expired. Plaintiff has not requested an extension. In addition, he has not updated his address with the Court.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 7, pp. 4-6) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to file a First Amended Complaint on or before December 7, 2017. (Doc. 7, pp. 4-5). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of his three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 14, 2017**

s/ J. PHIL GILBERT<br>
**District Judge**<br>
**United States District Judge**